The State *vs.* Dorsey, executor of Worthington.—1848.

---

STATE OF MARYLAND *vs.* CHARLES W. DORSEY, *Executor of* NICHOLAS WORTHINGTON OF JNO.—*June,* 1848.

The bequest of freedom to a slave, is a legacy within the meaning and operation of the act of 1844, ch. 237, and therefore subject to the tax imposed on legacies by that act.

APPEAL from the *Orphans Court of Howard District of Anne Arundel County.*

*Nicholas Worthington of Jno.*, late of *Howard District*, by his will, duly executed and admitted to probate by the Orphans Court of said District, manumitted and set free all his negro slaves, and appointed the appellee his executor. The slaves thus manumitted were appraised in the inventory at $15,433, on the 4th December, 1847. The State, by its attorney, filed a suggestion in said court, alleging among other things, that the State was entitled to the tax of two and a half *per cent.* under the act of 1844, ch. 237, upon the appraised value of the said negroes, and praying the court to order the executor to pay said tax to the Register of Wills, for said District.

The executor in his answer, admitted the facts, but denied that the gift of freedom to a negro slave, is such a legacy as is liable to be imposed by the act aforesaid. The Orphans Court thereupon "ordered and adjudged that the gift of freedom to the negroes in question, is not liable to the tax imposed by the act of 1844, ch. 237." From this order, the State appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE and MARTIN, J.

By J. T. B. DORSEY and RICHARDSON, *Attorney General*, for the appellant, and

By E. HAMMOND and WM. H. G. DORSEY for the appellee.

SPENCE, J. delivered the opinion of this court.

The question in this case which this court is to determine, is, whether the negro slaves manumitted by the last will and testament of *Nicholas Worthington of Jno.* are legacies within the meaning and operation of the Act of Assembly of 1844, ch. 237, sec. 2, which imposes the obligation and duty on the executor to pay to the Register of Wills of *Howard District* two and a half *per centum* on the appraised value of said slaves, as filed in the register's office in *Howard District*.

The act of 1844, ch. 237, by the provisions of its first section, subjects all estates, real, personal and mixed, which pass by last will and testament to devisees, legatees or distributees, other than "to or for the use of father, mother, wife, children and lineal descendants born in lawful wedlock," to a tax or duty of two and a half *per cent.* on every $100 of the clear value of such estates, to be paid to the use of the State. Executors and administrators can only be discharged from liability for the amount of such tax, by paying the same over for the use of this State, as directed by the act of 1844, ch. 237.

The second section of the act of 1844, ch. 237, enacts "that from and after the first day of June (then) next, all and every executor and executors, administrator and administrators, to

whom letters testamentary or of administration shall be granted, shall before he, she, or they pay any legacy or distribute the shares of any estate passing as aforesaid, (to wit—collaterally,) pay to the Register of Wills of the proper County, or of *Howard District,* whose bonds shall be liable therefor, two and a half *per cent.* out of every $100 they may hold for distribution among the distributees, grantees, donees or legatees, and at and after that rate, for any less sum for the use of the State;" and when any species of property other than money or real estate shall pass as aforesaid, the tax or duty shall be paid on the appraised value thereof, as filed in the register's office.

It was insisted by the counsel for the appellee, that the gift of freedom to one who was a slave by will, was not a legacy, and therefore not within the provisions of the act of 1844, ch. 237. It will not be denied, (for it cannot be successfully,) that if a testator by his will bequeath a slave to another person, who is in law capable to take, that the slave is a legacy to the legatee.

In *Maryland,* from the act of 1752, ch. 1, to the act of 1796, ch. 67, the owners of slaves had no power to give freedom to their slaves by last will and testament, nor had slaves the capacity to take freedom in this way: this act gave the power to owners, and removed the incapacities of slaves under certain defined limitations.

Slaves in *Maryland* are both by the letter and policy of the law, property, and subject to the same rules of law as other personal property, unless in cases where discriminations have been made by the statutes of the State, which do not affect this question. Indeed, the law has gone so far as to presume every negro a slave to some one, until the contrary appear.

It is therefore our opinion that the manumission, or bequest of freedom to a slave by last will and testament, confers on such slave the identical rights, interests and benefits, which would pass, if the testator had bequeathed the same slave to another person, and that such bequest to another would be a legacy. The conclusion, therefore, that a bequest of freedom to a

slave is a legacy, is as clear as that things which are equal to the same thing, are equal to one another.

The bequest of freedom to the slaves are legacies, and the executor is liable for the tax or duty on their appraised value. The decree in this case is reversed, and the cause remanded.

**DECREE REVERSED AND CAUSE REMANDED.**